Luann D'AUGUSTINO, Plaintiff,

v.

**BRISTOL-MYERS SQUIBB COMPANY, Natural Y Surgical Specialties, Inc., The Cooper Companies, Inc., Aesthetech Corporation, and Medical Engineering Corporation, Defendants.**

No. 94–1113–CIV–T–17E.

United States District Court,
M.D. Florida,
Tampa Division.

Sept. 22, 1997.

John Jay Avril, Perenich, Carroll, Perenich, Avril & Caulfield, P.A., Clearwater, FL, Denise Dunleavy, Law Office of Denise M. Dunleavy, New York, NY, Sheila M. Beckman, Lawrence Goldhirsch, Weitz & Luxenberg, P.C., New York, NY, for Luann D'Augustino.

Thomas John Roehn, Annis, Mitchell, Cockey, Edwards & Roehn, P.A., Tampa, FL, Mark C. Greene, Fowler, White, Gillen, Boggs, Villareal & Banker, P.A., Tampa, FL, Richard Ellis, Leslie O'Toole, Smith, Helms, Mulliss & Moore, L.L.P., Raleigh, NC, for Bristol–Myers Squibb Co., Natural Y Surgical Specialties, Inc., Cooper Companies Inc., Aesthetech, Medical Engineering Corp.

Lewis F. Collins, Jr., Dickinson, Gibbons, Shields, Partridge, Dahlgren & Collins, PA, Sarasota, FL, Sheila L. Birnbaum, Jeffrey S. Lichtman, Skadden, Arps, Slate, Meagher & Flom, LLP, New York, NY, for Dow Corning Corp.

Robert S. Niemann, Lynch, Loofborrow, Gilardi & Grummer, National Coordinating Counsel, San Francisco, CA, for Applied Silicone Corp.

## ORDER ON MOTION FOR SUMMARY JUDGMENT

KOVACHEVICH, Chief Judge.

This cause comes before the Court on the following motion and memoranda:

Defendants' (BRISTOL–MYERS SQUIBB COMPANY, NATURAL Y SURGICAL SPECIALTIES, INC., THE COOPER COMPANIES, INC., AESTHETECH, and MEDICAL ENGINEERING CORPORATION) motion and memorandum for summary judgment as to any cancer claims. (Dkt. 81).

Plaintiff LUANN D'AUGUSTINO's memorandum in opposition to Defendants' motion for summary judgment as to any cancer claims. (Dkt. 88).

### FACTS

On April 26, 1996, Plaintiff filed an amended complaint (Dkt. 23) alleging, in relevant part:

1. Plaintiff was implanted with silicone breast implants on April 8, 1986 (Dkt. 23 at ¶ 4).

2. The implants were manufactured, marketed, and/or distributed by Defendants, and contained or consisted of polyurethane, silicone, and other silicone-based products (¶¶ 1–16).

3. The collective Defendants knew or recklessly failed to know that the breast implants caused cancer or had been inadequately tested for carcinogenicity before manufacturing, marketing, and distribution (¶¶ 16–20).

4. Defendants knowingly communicated false statements regarding the safety of the

implants or knowingly concealed information regarding the dangers associated with the implants (¶ 19).

5. Plaintiff justifiably and reasonably relied on the false or incomplete information provided by Defendants and sustained severe injuries in the form of, among other things, a reasonable fear of cancer (¶¶ 21, 23).

## STANDARD OF REVIEW

Summary judgment may only be entered when the moving party has shown that there is no genuine issue of material fact based on the "pleadings, depositions, answers to interrogatories, ... admissions, [and] affidavits" as viewed in the light most favorable to the non-moving party. Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Further, if the moving party fulfills its burden, the non-moving party must establish that there is a genuine dispute of material fact by going beyond the pleadings. *Celotex*, 477 U.S. at 324, 106 S.Ct. at 2553.

## PLAINTIFF'S CANCER CLAIMS

As an initial matter, the Court must point out that, based on the pleadings, Plaintiff's challenged cancer claims are limited to the "fear of cancer *which is reasonable* in light of current data regarding polyurethane silicone breast implants." (Dkt. 23 at ¶ 23) (emphasis added). Plaintiff has not alleged that she presently has cancer nor that she has an increased risk of developing cancer. Consequently, consideration of Defendants' motion for summary judgment as to any cancer claims will be limited to Plaintiff's "fear of cancer" claim.

■ In two separate cases, Florida courts have recognized the right of plaintiffs to recover damages for emotional distress resulting from their fear of contracting cancer. *See Swain v. Curry*, 595 So.2d 168, 173–74 (Fla. 1st Dist.Ct.App.1992) (stating that plaintiff may recover damages if "able to establish the threshold of increased distress

which has been proximately caused by medical negligence"); *Eagle–Picher Industries, Inc., v. Cox*, 481 So.2d 517, 527–28 (Fla.3d Dist.Ct.App.1985) (stating that "'[f]ear of' cancer claims have long been permitted"). Additionally, the United States District Court for the Southern District of Florida held that Florida courts clearly recognize negligently injured plaintiffs' right to recover damages for present emotional distress "caused by the future risk of cancer." *See Geisinger v. Armstrong World Industries, Inc.*, 1990 WL 120749 at *5–6 (S.D.Fla.1990). The Court finds Plaintiff Luann D'Augustino is not precluded *as a matter of law* from seeking damages for emotional distress resulting from an increased risk of contracting cancer in the future.

■ Defendants argue that Plaintiff's expert, Doctor John C. Brown, should be precluded from testifying because he cannot "testify within *any* degree of medical certainty that [the components of] breast implants cause[ ] cancer in humans." (Dkt. 81 at p. 8). Without this testimony, Defendants argue that there is no genuine issue of material fact for trial and that summary judgment is proper. (Dkt. 81 at pp. 6–15).

Defendants argue that only a precise degree of medical certainty as to elements of the cancer claim would "assist the trier of fact to understand the evidence or to determine a fact in issue." (Dkt. 81 at pp. 7–8 (quoting Fed.R.Evid. 702)).[1]

■ Assuming *arguendo* that Defendants have met their burden under *Celotex* and Rule 56(c), Plaintiff must respond by going beyond the pleadings to demonstrate that there is a genuine issue of material fact regarding her claim for fear of cancer. *See* Fed.R.Civ.P. 56(c). Consequently, Plaintiff must demonstrate, based on affidavits, depositions, etc., that she has suffered emotional distress based on a *reasonable* fear of contracting cancer at some future point. The Court concludes that Plaintiff has met her burden, and that genuine issues of material fact remain for trial.

---

1. The Defendants allege, among other things, that Doctor Brown cannot testify with absolute medical certainty: 1) as to a causal link between breast implants and cancer; 2) that Ms. D'Augus-tino has developed cancer as a result of implantation; or 3) that she has a "unique" risk of developing cancer. (Dkt. 81 at 8–9).

"It is well settled under Florida Law that evidence of future medical conditions is relevant to demonstrate a plaintiff's present condition." *Geisinger,* 1990 WL 120749 at *5 (citing *Eagle–Picher,* 481 So.2d 517, 520 (Fla.3d Dist.Ct.App.1985)).

Plaintiff's Memorandum in Opposition alleges that Doctor Brown can testify with medical certainty that: 1) A component element of breast implants is classified by the EPA as a probable human carcinogen; 2) that the implants did degrade and release this element into Plaintiff's bloodstream; and 3) that Plaintiff has an increased risk of developing cancer because of her exposure to the element. (Dkt. 88 at pp. 1, 5–8). Plaintiff further alleges that Defendants themselves were aware of a link between cancer and their products.[2] (Dkt. 88 at pp. 8–11).

Given these responses, the Court concludes that Plaintiff has gone beyond the pleadings and demonstrated sufficient issues of material fact for trial. First, the testimony of Doctor Brown may be admitted to support Plaintiff's emotional distress claim. Defendants acknowledge that Doctor Brown is an "able oncologist." (Dkt. 81 at p. 7). Further, Federal Rule of Evidence 702 requires testimony that will "assist the [jury] to *understand* the evidence or *determine a fact in issue*" rather than the measure of precision seemingly demanded by the Defendants. Fed.R.Evid. 702 (emphasis added). Defendants are free to introduce expert testimony of their own to rebut Doctor Brown's testimony. However, exclusion of Doctor Brown would be improper considering his undisputed qualification as an expert oncologist, and the fact that he *can* assist the jury in determining the reasonableness of the Plaintiff's "fear of cancer" claim. Together with Defendants' own internal memoranda, Doctor Brown's anticipated testimony raises issues of fact that are best left to the jury.

The Court concludes that genuine issues of material fact exist as to whether: 1) Defendants' product and its component elements cause cancer; 2) whether Plaintiff has an increased risk of developing cancer as a re-

sult of her implants; and 3) whether Plaintiff's emotional distress is reasonable if 1 and 2 are affirmatively established. Accordingly, it is

**ORDERED** that Defendants' Motion to Exclude the Testimony of Doctor Brown and for Summary Judgment (Dkt. 81) be **DENIED.**

---

2. Plaintiff cites Defendants' own internal memoranda, which acknowledge that implantation of polyurethane-coated implants results in the release of "known" carcinogens in amounts "significantly more concentrated than expected." (Dkt. 88 at 10).