PALMER, J.
Maria and Luis Merced appeal the final summary judgment entered in favor of Mohammad H. Akhtar Qazi, M.D., and Florida Radiological Associates, P.A. (collectively, Qazi), arguing that the trial court erred in determining that Qazi conclusively proved that the Merceds would be unable to establish that they sustained damages arising out of Qazi’s alleged professional negligence in fading to detect and report a kidney mass consistent with renal cell carcinoma for a period of thirteen months. Finding that issues of material facts exist as to certain elements of damage recoverable by the Merceds, but that other claimed damages are not recoverable in this case as a matter of law, we affirm in part, reverse in part, and remand for further proceedings.
The Merceds filed a complaint alleging negligence against Dr. Qazi, and claims of vicarious liability, negligent hiring, negligent retention, and negligent supervision against Florida Radiological Associates. The complaint asserted that Dr. Qazi was negligent when he failed to detect and to alert treating physicians of a kidney mass consistent with renal cell carcinoma on a May 10, 1998 CT scan which he read for Mrs. Merced. The complaint alleged that, as a direct and proximate result of Dr. Qazi’s negligence, Mrs. Merced was exposed to a thirteen month delay in kidney cancer diagnosis and treatment, and that such delay resulted in Mrs. Merced having an increased risk of cancer recurrence, a decreased chance of survival, bodily injury, and an increased fear of recurrence of cancer. The complaint alleged that such damages were either permanent or continuing, and that Mrs. Merced would suffer such injuries in the future.
After discovery was completed, Qazi filed a motion for summary judgment asserting that judgment should be entered in its favor because the Merceds had asserted claims for damages which were not recoverable under Florida law. Qazi based its motion for summary judgment in large part on the testimony of the Merceds’ expert, Dr. Howard Ozer, who conceded that the treatment that Mrs. Merced received for her kidney tumor was not affected by the thirteen month delay in diagnosis of the tumor, and that it is more probable than not that Mrs. Merced will survive disease-free. However, he also testified that the delay in diagnosis resulted in an increase in Mrs. Merced’s risk of recurrence, with the risk increasing from a twenty-five percent chance to somewhat less than a fifty percent chance.
The trial court entered the summary judgment based upon Dr. Ozer’s testimony that it was more likely than not that Mrs. Merced will not suffer a recurrence of cancer, concluding that emotional damages for fear would only be recoverable if it was more likely than not that her cancer would recur since, otherwise, damages would be too speculative.
In reviewing the trial court’s final summary judgment, our review is de novo. To that end, this court “must consider the evidence contained in the record, including any supporting affidavits, in the light most favorable to the non-moving party, the Appellants, and if the slightest doubt exists, the summary judgment must be reversed.” Krol v. City of Orlando, 778 So.2d 490, 491-492 (Fla. 5th DCA 2001).
The Merceds contend that entry of summary judgment was improper because evidence exists in the record indicating that Mrs. Merced suffered the following damages, within a reasonable degree of medical certainty, as the result of Qazi’s negligence:
*704 1. A malignant tumor in her kidney for thirteen months.
2. Increased fear of cancer recurrence and death.
3. Increased risk of cancer recurrence.
4. Decreased chance of cancer survival.
5. Pain and fullness.
6. Burning and hesitant urination.
7. Hypertension.
Our review of the record reveals that the trial court erred in granting summary judgment as to the damages set forth in 2, 5, 6, and 7, but properly granted summary judgment as to the damages set forth in 1, 3, and 4.
As for damages relating to Mrs. Merced’s pain and fullness, burning and hesitant urination, and hypertension, the record contains evidence that such damages occurred during the thirteen months that the tumor remained within her body after it should have been diagnosed and removed. As such, the Merceds are entitled to proceed on their claim for those damages.
As to the claim for damages arising from Mrs. Merced’s increased fear of cancer recurrence and death, Qazi successfully argued to the trial court that the Merceds were not entitled to recover for such damages because the risk of recurrence of her cancer was not greater than fifty percent. We disagree. Fear of cancer recurrence and death is a present and continuing damage, and fits within the existing framework of personal injury damages. See Swain v. Curry, 595 So.2d 168 (Fla. 1st DCA), rev. denied, 601 So.2d 551 (Fla.1992).
In Swain, the failure to timely detect a breast tumor resulted in a radical mastectomy, whereas earlier detection would have resulted in a lumpectomy. Testimony was presented that Mrs. Swain had a sixty-five percent probability that she would develop a recurrence of the cancer, whereas a timely diagnosis would have resulted in only a five to ten percent possibility of recurrence. In addressing the issue of recoverable damages, the First District noted:
Mrs. Swain is entitled to attempt to prove that her emotional damages are presently greater as a result of such increased fear of recurrence of cancer as has resulted from any provable negligence. Such damages are recoverable, not as a separate cause of action, but as an element of personal injury damages under Florida Standard Jury Instruction 6.2(a).... Claimant in this case certainly faces a formidable obstacle in attempting to demonstrate to the satisfaction of the finder of fact that her emotional distress is of a demonstrably and quantifiably different degree now, as compared to the case of prompt diagnosis and treatment. Difficulty of proof will not, however, deprive a plaintiff of the opportunity to present her ease.
Id. at 173 (citation omitted). The analysis set forth in Swain is in no way dependent upon that increased risk of recurrence being greater than fifty percent.
As to the damages set forth in 1, 3, and 4, we first recognize that the Merceds’ claim for damages arising out of the fact that a malignant tumor improperly remained in her kidney for thirteen months is not in an element of damage, but rather, a condition which would support the other elements of damage claimed herein. Thus, summary judgment was properly entered thereon.
Next, the Merceds’ claims for future damages (that being the increased risk of cancer recurrence and the decreased chance of survival) are not recoverable in this case; therefore, entry of summary judgment as to those elements was also proper. Florida Standard Civil Jury Instruction 6.1 accurately states that *705 Florida law allows a plaintiff to recover for damages which the plaintiff is “reasonably certain to incur or experience in the future.” In light of the testimony that Mrs. Merced is more likely than not to remain cancer free, she is not reasonably certain to incur any damages as a result of the increased risk of cancer recurrence and the decreased chance of survival (other than her increased fear addressed above). As to such future damages, recovery would be available only upon a showing, within a reasonable degree of medical certainty, that cancer will reoccur and/or her life expectancy will decrease as a result. See Swain, 595 So.2d at 172.
In closing, we note that Qazi contends that the summary judgment was properly entered based upon the decision in Eagle-Picher Indus., Inc. v. Cox, 481 So.2d 517 (Fla. 3d DCA 1985) rev. denied, 492 So.2d 1331 (Fla.1986). In that case, the plaintiff was suffering from asbestosis arising from his exposure to asbestos. He presented evidence that he was at a greater risk of contracting cancer as a result of his exposure to asbestos, although he had not yet contracted cancer. The Third District ruled that the plaintiff could not recover damages for risk of contracting cancer, and that such an action would have to wait until he actually contracted the disease. However, the court further ruled that the plaintiffs fear of contracting cancer, after being diagnosed with asbestosis, was properly compensable, holding that evidence that the plaintiff had an increased risk of contracting cancer was admissible as part of the proof that he had a present mental distress caused by his fear of getting cancer in the future. See also D’Augustino v. Bristol-Myers Squibb Co., 980 F.Supp. 1452 (M.D.Fla.1997)(concluding, in a breast implant case, that Florida courts have recognized the right of plaintiffs to recover damages for emotional distress from their fear of contracting cancer based on Swain and Eagle-Picher).
AFFIRMED in part, REVERSED in part, and REMANDED.
COBB and SHARP, W., JJ., concur.